1

2

3

4

5

6

7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JOSEPH PATRICK ROMAN SIMON,   ) NO. ED CV 16-2007-RGK(E)
                                  )
12          Plaintiff,            )
                                  )
13      v.                        ) ORDER DISMISSING COMPLAINT
                                  )
14  JOHN McMAHON, Sheriff,        ) WITH LEAVE TO AMEND
    et al.,                       )
15                                )
            Defendants.           )
16  _____)

17

18      For the following reasons, the Complaint is dismissed with leave

19  to amend.  See 28 U.S.C. § 1915(e)(2)(B).

20

21                          **BACKGROUND**

22

23      Plaintiff, an inmate at the West Valley Detention Center

24  ("WVDC"), filed this civil rights action on September 20, 2016,

25  pursuant to 42 U.S.C. section 1983.  Defendants are: (1) the County of

26  San Bernardino; (2) San Bernardino County Sheriff John McMahon;

27  (3) WVDC Commander Jeff Rose; (4) WVDC Facility Commander Chris

28  Fisher; (5) Sheriff Sergeant J. Steer; (6) Deputy C. Zaragoza; and

1  (7) fifty fictitious "John Doe" Defendants.[1]  Plaintiff sues the

2  individual Defendants in their individual and official capacities

3  (Complaint, p. 9, ¶ 19).

4

5      Also on September 20, 2016, Plaintiff filed a "Motion for

6  Extension of Time" to file exhibits to the Complaint, which the Court

7  granted on September 23, 2016.  Plaintiff filed exhibits to the

8  Complaint on September 30, 2016.  The Court considers the Complaint

9  and the exhibits together to constitute Plaintiff's Complaint.

10

11              **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

12

13      The Complaint contains four claims for relief pursuant to section

14  1983, styled "causes of action," as well as general allegations of

15  conspiracy (see id., p. 17, ¶ 35).  The title of the Complaint,

16  however, identifies claims for: (1) violation of the First Amendment;

17  (2) violation of the Fourth Amendment; (3) violation of due process;

18  (4) violation of the Prison Rape Elimination Act, 42 U.S.C. section

19  15601 et seq.; (5) violation of equal protection; (6) conspiracy to

20  violate civil rights pursuant to 42 U.S.C. section 1985; (7) "neglect

21  to prevent civil rights violation" pursuant to 42 U.S.C. section 1986;

22  (8) a violation of "the Bill of Rights"; and (9) a claim pursuant to

23

24 _____

      [1]    A plaintiff may name a fictitious defendant in his or
25  her complaint if the plaintiff does not know the true identity of
    the defendant prior to the filing of the complaint.  Wakefield v.
26  Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).  However,
    Plaintiff should be aware that before the United States Marshal
27  can serve process on any fictitiously named Defendant, Plaintiff
    must provide identifying information sufficient to permit the
28  service of process, such as the Defendant's full name and
    address.

the Federal Tort Claims Act, 28 U.S.C. section 1346 and section 2671 et seq. ("FTCA") (Complaint, pp. 1-2).  The four pleaded "causes of action" do not necessarily correspond to the nine claims identified in the title of the Complaint.

In the First Cause of Action, Plaintiff alleges that, during a cell search on or about December 22, 2015, Defendant Zaragoza conducted a pat-down search of Plaintiff during which Zaragoza allegedly fondled Plaintiff's genitalia and left buttock (Complaint, p. 10, ¶ 21).  Plaintiff allegedly informed Defendant Speer, who assertedly did not want to speak to Plaintiff and "overlooked" Defendant Zaragoza's alleged misconduct (id.).

The Second Cause of Action alleges that, on or about December 24, 2015, Defendant Zaragoza and his partner "John Doe" retaliated against Plaintiff for filing a grievance concerning the alleged sexual fondling by assertedly confiscating Plaintiff's property on the allegedly false ground that Plaintiff was not a "pro-per" inmate (id., p. 11, ¶ 23).

The Third Cause of Action alleges that, on or about December 29, 2015, Defendant Zaragoza and his partner "John Doe" subjected Plaintiff to excessive force by allegedly placing overly tight handcuffs on Plaintiff and also assertedly retaliated against Plaintiff by stealing Plaintiff's property (id., pp. 13-14, ¶ 25).

The Fourth Cause of Action alleges that, on or about December 30, 2015, Defendant Zaragoza and two fictitious "John Doe" Defendants

1  retaliated against Plaintiff for filing a grievance by telling

2  Plaintiff to "roll up" his property to transfer Plaintiff to a

3  different housing location (id., pp. 15-16, ¶ 27).  Plaintiff then

4  assertedly was placed in the "hole" and charged with a disciplinary

5  violation, allegedly in retaliation for exercising his constitutional

6  right to file a complaint (id.).  The disciplinary charge allegedly

7  was dismissed as untimely (id.).


9      Plaintiff alleges that the County of San Bernardino failed to

10 train and supervise its officers and condoned and failed to correct

11 the alleged wrongdoing (id., p. 19, ¶ 38).  Defendants McMahon and

12 Rose allegedly were responsible for the actions of the subordinates,

13 failed to investigate the alleged wrongdoing and failed to discipline

14 to alleged offenders (id., pp. 19-20, ¶ 39).  Plaintiff seeks

15 declaratory relief, general damages in the sum of $5 million and

16 punitive damages in a like sum (id., p. 17, ¶¶ 29-30, pp. 22-23, ¶¶

17 46-49).


19                          **DISCUSSION**


21     The Complaint fails to state a claim against Defendants McMahon

22 and Rose.  A supervisor is not liable under section 1983 on a theory

23 of respondeat superior.  See Ashcroft v. Iqbal, 556 U.S. 662, 676

24 (2009)  ("Government officials may not be held liable for the

25 unconstitutional conduct of their subordinates on a theory of

26 *respondeat superior*").  A supervisor "is only liable for his or her

27 own misconduct," and is not "accountable for the misdeeds of [his or

28 her] agents."  Id. at 677.  Mere knowledge of a subordinate's alleged

1  misconduct is insufficient.   Id.

2

3      A supervisor may be held liable in his or her individual capacity

4  "for [his or her] own culpable action or inaction in the training,

5  supervision or control of [his or her] subordinates." Watkins v. City

6  of Oakland, Cal., 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting Larez

7  v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991)).  To state

8  a claim against any individual defendant, a plaintiff must allege

9  facts showing that the individual defendant participated in or

10 directed the alleged violation, or knew of the violation and failed to

11 act to prevent it.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th

12 Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must

13 allege facts, not simply conclusions, that show that an individual was

14 personally involved in the deprivation of his civil rights.").  The

15 Complaint alleges no facts, as distinguished from conclusions, showing

16 the personal involvement of Defendants McMahon or Rose in any of the

17 alleged wrongdoing.

18

19      To the extent Plaintiff purports to allege a claim for violation

20 of the Prison Rape Elimination Act, 42 U.S.C. section 15601 et seq.,

21 any such claim is insufficient.  The Prison Rape Elimination Act does

22 not create a private right of action.  See Krieg v. Steele, 599 Fed.

23 App'x 231, 232-33 (5th Cir.), cert. denied, 136 S. Ct. 238 (2015);

24 Olive v. Harrington, 2016 WL 4899177, at *4 (E.D. Cal. Sept. 14,

25 2016); Gonzalez v. Chriese, 2016 WL 3231284, at *4 (N.D. Cal. June 13,

26 2016); Davis v. Riverside County Sheriff's Dep't, 2016 WL 1642558, at

27 *4 (C.D. Cal. Apr. 25, 2016).

28 ///

1    To the extent Plaintiff purports to allege a claim for conspiracy
2  to violate civil rights pursuant to 42 U.S.C. section 1985,
3  Plaintiff's conclusory conspiracy allegations are insufficient.  See
4  Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 929-30 (9th Cir.
5  2004); see also Wisdom v. Katz, 539 Fed. App'x 704, 705 (9th Cir.
6  2013).  For the same reason, any section 1986 claim also fails.  See
7  Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir.
8  1988) ("A claim can be stated under section 1986 only if the complaint
9  contains a valid claim under section 1985.") (citation omitted).

10

11    To the extent Plaintiff purports to assert an FTCA claim based on
12  alleged constitutional violations, the FTCA provides no remedy for
13  constitutional violations.  See F.D.I.C. v. Meyer, 510 U.S. 471, 477-
14  78 (1994).  Furthermore, the FTCA generally "provides jurisdiction for
15  suits against the United States regarding torts committed by federal
16  officials, not state officials."  Miller v. Madigan, 2015 WL 7178431,
17  at *4 (S.D. Ill. Nov. 16, 2015); see Logue v. United States, 412 U.S.
18  521 (1973).  The United States is the only proper defendant in an FTCA
19  action.  See Lance v. United States, 70 F.3d 1093, 1095 (9th Cir.
20  1995).  Plaintiff does not sue any federal officials or allege any
21  claim against the United States.

22

23                                **ORDER**

24

25    For the foregoing reasons, the Complaint is dismissed with leave
26  to amend.  If Plaintiff still wishes to pursue this action, he is
27  granted thirty (30) days from the date of this Order within which to
28  file a First Amended Complaint.  Although the Court does not

1   necessarily deem insufficient all of Plaintiff's claims, the Court

2   does require that any First Amended Complaint be complete in itself

3   and not refer in any manner to any prior complaint.  Failure to file

4   timely a First Amended Complaint may result in the dismissal of this

5   action.  See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir.

6   2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for

7   failure to follow court order); Simon v. Value Behavioral Health,

8   Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir.

9   2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds,

10  Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552

11  U.S. 985 (2007) (affirming dismissal without leave to amend where

12  plaintiff failed to correct deficiencies in complaint, where court had

13  afforded plaintiff opportunities to do so, and where court had given

14  plaintiff notice of the substantive problems with his claims); Plumeau

15  v. School District #40, County of Yamhill, 130 F.3d 432, 439 (9th Cir.

16  1997) (denial of leave to amend appropriate where further amendment

17  would be futile).

18

19      IT IS SO ORDERED.

20

21      DATED: October 13, 2016

22

23  _____
                    R. GARY KLAUSNER
24         UNITED STATES DISTRICT JUDGE

25  PRESENTED this 7th day

26  of October, 2016 by:

27  _____
              /S/
          CHARLES F. EICK
28  UNITED STATES MAGISTRATE JUDGE

7